IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GE CAPITAL FRANCHISE FINANCE CORPORATION,<br><br>　　　　　　　Plaintiff,<br>vs.<br>GD DEAL HOLDINGS, LLC, et al.,<br><br>　　　　　　　Defendants | CIVIL ACTION No. 1-05-1287 |

## ORDER APPOINTING RECEIVER PENDENTE LITE

Upon hearing the Motion for Appointment of Receiver Pendente Lite (the "Motion") of GE Capital Franchise Finance Corporation ("Plaintiff"), Plaintiff in the above-captioned matter, and the Court, having duly considered the Motion, and the evidence of the various witnesses brought before the Court by the parties, having found the evidence submitted thereby to be credible and compelling and to warrant the immediate appointment of a receiver herein as prayed by PLAINTIFF;

IT IS HEREBY ORDERED that:

1.　　NRC Realty Advisors, LLC is qualified to act as receiver and is hereby appointed receiver ("Receiver") of all the GE Collateral (as defined in the Motion) at the locations listed on Exhibit A attached to this Order, including all real and personal property used or associated therewith, which includes without limitation all cash (notes and coins), leases, rents, issues, earnest money and security deposits, profits and other incomes, leases, rental payments, lease payments, late payments, rent rolls, insurance payments, condemnation awards, accounts receivable, bank accounts, operating accounts, records, files, reports, studies, checks, drafts,

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on __11-29-05__



notes, documents, fixtures, furniture, appliances, construction materials, goods, equipment, tax refunds and other things and articles of any and all types and kinds (collectively "Receivership Property").

2.  Receiver shall have all the power and authority usually held by receivers in the State of Tennessee and necessary to accomplish the purposes herein stated, including, but not limited to the power and authority:

   a.  to immediately enter on and take exclusive control and custody of the Receivership Property and to immediately take whatever steps are necessary to secure, maintain and protect the Receivership Property including, without limitation, the right to notify any banks and/or other financial institutions in which the Receivership Property (including all tenant security deposits) may be located to turn over such amounts to the Receiver and to notify all tenants to turn over all rents that may be due and owing relating to the occupancy of the Receivership Property;

   b.  to exclude GD Deal, Baker Energy and/or any Sub-Tenant (and each of their respective agents, servants and employees) from possession of the Receivership Property Collateral if such action will, in Receiver's business judgment, preserve, maintain and maximize the value of the Receivership Property;

   c.  to collect the rents owing from Baker Energy, the Sub-Tenants or any other persons occupying or possessing any part of the Receivership Property and to prosecute such actions under applicable law that are necessary to (i) collect the rents owing from Baker Energy, the Sub-Tenants or (ii) dispossess Baker Energy or Sub-Tenants who fail to timely pay;

   d.  to lease the Receivership Property on commercially reasonable, market terms and conditions provided any such leases shall be strictly subordinate to and subject to the Mortgages and extinguished by any sale hereunder;

   e.  to request that Plaintiff advance such funds as may reasonably be necessary to the effective exercise of the Receiver's powers, on such terms as may be agreed upon by the Receiver and Plaintiff; provided however any such advance by Plaintiff shall be in Plaintiff's sole discretion;

   f.  generally to do anything that GD Deal could legally do if GD Deal were in possession of the Mortgaged Property;

   g.  to obtain copies of any and all plans, specifications and drawings pertaining to or effecting any part or all of the Receivership Property and to be authorized to obtain such plans, specifications and drawings from GD Deal or Baker Energy, from architects and contractors retained or formerly retained by GD Deal or Baker Energy, or from the city,

municipality, county or state on which such Property is situated if the Receiver deems it necessary or advisable in his discretion to do so;

       h.    to establish and maintain bank accounts for the deposit of monies and funds collected and received in connection with the Receiver's administration of the Receivership Property;

       i.    to present for payment any checks, money orders or other forms of payment made payable to GD Deal or Baker Energy, Inc. which constitute rents, profits and/or income of the Receivership Property, endorse the same, and collect the proceeds thereof, such proceeds to be used and maintained as elsewhere provided herein; and

       j.    to market and, pending further Order of the Court, sell all or a part of the Receivership Property.

    3.    Receiver shall be obligated to:

       a.    take such commercially reasonable actions to exercise the rights and powers identified in Paragraphs 1 and 2;

       b.    deliver monthly accountings of all rent collections to Plaintiff and GD Deal on or before the 20th day of each month;

       c.    promptly deliver all rents, less the Receiver's fees and the permitted costs of the receivership estate, to Plaintiff;

       d.    cause all insurance requirements of the Mortgages to be satisfied and performed provided either (i) the collected rents, or (ii) advances made in the sole discretion of Plaintiff, are sufficient to pay for such insurance;

       e.    cause all taxes and assessments against the Receivership Property, and all utility and other operating expenses to be paid provided either (i) the collected rents, or (ii) advances made in the sole discretion of Plaintiff, are sufficient to pay for such taxes, assessments and expenses;

       f.    take such commercially reasonable steps as may be necessary to preserve and protect the Receivership Property pending the sale;

       g.    cause such maintenance, repairs and alterations to performed to the Receivership Property as may be deemed necessary by Receiver to prepare the Receivership Property for marketing and sale provided (i) the collected rents, or (ii) advances made in the sole discretion of Plaintiff, are sufficient to pay for such maintenance, repairs and alterations; and

       h.    take all commercially reasonable actions necessary to (i) qualify the Receivership Property for applicable governmental funds (the "Remediation Funds") that have

been established for the purposes of addressing and/or remediating environmental conditions; and (ii) prepare and file reports or applications that may be required by applicable governmental authorities regarding the Remediation Funds.

4. Upon termination of the receivership, the Receiver shall wind up receivership affairs and distribute all funds as required in a final accounting and report. Within forty-five (45) days of the termination of the receivership, the Receiver shall file a final accounting report with the Court and submit a copy to all parties who have entered their appearance in this action. If no objections to the final accounting and report have been delivered to the Court, the Receiver, and other parties having entered their appearance in this action, by first-class mail to such address as is reflected in the Court records or as may be designated within fifteen (15) days after filed with the Court, the final accounting and report will be accepted by the Court, and the Court will enter an order terminating the receivership and discharging the Receiver.

5. As compensation for its services performed under Paragraphs 2(a)-(i), 3(a)-(h) and 4, the Receiver shall be paid (i) $8,150.00 (the "Receiver Fee") for each month it serves as Receiver hereunder, which sum shall be paid from rents collected from the Sub-Tenants; and (ii) reasonable out-of-pocket expenses that have been approved by Plaintiff in advance of the incurrence of such expenses. The Receiver Fee shall cover compensation and expenses that are incurred by Receiver in connection with collecting Rents in the ordinary course and an initial inspection of the Receivership Property that is not being operated by Baker Energy and/or a Sub-Tenant to determine steps that must be taken to secure the Receivership Property. As compensation for its services performed under Paragraph 2(j), Plaintiff requests that the Receiver shall (i) be reimbursed from the gross proceeds of the sale of the Receivership Property (or in the event such proceeds are insufficient, by Plaintiff) for Receiver's reasonable out of pocket expenses incurred in connection with the marketing of the Receivership Property for sale which

expenditures shall be agreed upon in advance by Plaintiff, and (ii) 3½% of the gross proceeds (the "Commission Payment") of the sale of the Receivership Property which payment shall be made to Receiver out of the gross proceeds of sale; provided, however, in the event that a cooperating broker is engaReceivership Propertyd in connection with a sale of the Receivership Property, the Commission Payment may be increased to 4 ½ % of the gross proceeds of the sale; and provided further, if the sale of any or all of the Receivership Property is to (i) GD Deal, (ii) Baker Energy, and/or (iii) Alchemist, Ltd. (or any affiliate of GD Deal, Baker Energy or Alchemist, Ltd.), Receiver shall not be entitled to a Commission Payment with respect to such sales.

6.   Receiver shall be relieved of its powers and obligations upon entry of an Order of this Court following (i) a default by the Receiver under any of its obligations hereunder; (ii) the entry of the judgment on the Complaint; (iii) the entry of an order dismissing the Complaint; (iv) the sale of the Receivership Property, (v) the written request of Plaintiff or (vi) written request of Receiver.  Upon Receiver being relieved of its powers and obligations, the Court may enter and Order *ex parte* appointing a replacement receiver nominated by Plaintiff subject to the Court's right to confirm the qualifications of such nominee and subject to such Order containing substantially the same terms and conditions of this Order.

7.   Upon notice of this Order, GD Deal, Baker Energy and all persons and/or entities that have been in active participation with GD Deal or Baker Energy (including, but not limited to, employees, officers, shareholders, members, manaReceivership Propertyrs, affiliates, banks, accountants, landlords and/or any other entities under common control of GD Deal or Baker Energy) and all persons or entities now in possession of any part of the Receivership Property and not holding under valid leases or rental agreements shall:

a. Deliver immediately to the Receiver or its agents all of the Receivership Property, properly endorsed to Receiver when necessary;

b. Immediately turn over to the Receiver the possession of the Receivership Property, including all keys to all locks on the Receivership Property, and the records, books of account, ledgers and all business records for the Receivership Property, wherever located in and whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto as well as all banking records, statements and canceled checks);

c. Deliver immediately to the Receiver all contracts, leases, agreements, insurance agreements or policies, licenses, permits or governmental approvals, and all other agreements or documents of any kind whatsoever, whether currently in effect or lapsed, relating to or effecting the Receivership Property;

d. Answer under oath to the Receiver all questions regarding the maintenance and operation of the Receivership Property, if necessary. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of GD Deal, or any other matter relevant to the operation or administration of the Receivership estate or the collection of funds due to GD Deal or Baker Energy, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery within ten (10) calendar days of service of said notice at the time and place designated therein. Nothing herein is intended to, nor is to be construed to, require GD Deal or Baker Energy to turn over any documents protected from disclosure by either the attorney-client

privilege or the attorney work product privilege;

   e. Deliver immediately to the possession and control of the Receiver all rents, profits, proceeds, income, accounts receivable, bank accounts and all other income or monies whatsoever relating to the Receivership Property; and

   f. Immediately sign or execute any document necessary to allow the Receiver to carry out the duties set forth herein;

  8. All persons or lessees in possession of any part of the Receivership Property, and any other persons or entities as may be lawfully in possession of the Receivership Property, are directed, until further order of this Court, to pay over to the Receiver all rents of the Receivership Property now due and unpaid or that may hereafter become due. All persons or entities liable for such rents are enjoined and restrained from paying any rents for the Receivership Property to GD Deal, or Baker Energy or their respective agents, servants or attorneys.

  9. GD Deal, Baker Energy and their respective officers, directors, agents, partners, managers, members, representatives, subsidiaries, affiliates and any other employee so designated by the Receiver are hereby enjoined and restrained from in any way from interfering with the duties or performance of the Receiver.

  10. The Receiver is authorized to register this Order with the appropriate government offices and courts and to serve this Order on any person or entity whom the Receiver reasonably believes to be in control of Receivership Property.

  11. Nothing herein contained shall be construed as interfering with or invalidating any existing lawful lien or claim upon the Receivership Property by any person or corporation.

  12. Plaintiff shall serve written notice of this action and this Order shall be provided to any persons in possession of the Receivership Property.

SO ORDERED this 21st day of November, 2005.

_____
James D. Todd
United States District Judge

## EXHIBIT A

Property Locations

| Store | Address | City | State |
|-------|---------|------|-------|
| 2254 | 109 Dean Road | Clarksville | TN |
| 2289 | 710 S. Cumberland | Lebanon | TN |
| 2292 | 601 Tiny Town Road | Clarksville | TN |
| 2294 | 1820 Ft. Campbell Blvd | Clarksville | TN |
| 2297 | 523 Dover Road | Clarksville | TN |
| 2298 | 1205 N. Willow | Cookeville | TN |
| 2302 | 377 Hancock | Gallatin | TN |



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 1:05-CV-01287 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

P. Andrew Wright
City Attorney for City of Lebanon
200 Castle Heights Ave., N.
Lebanon, TN 37087

Scott A. Bachert
HARNED BACHERT & DENTON, LLP
324 East Tenth Street
Bowling Green, KY 42102--127

Jeffrey G. Jones
WIMBERLY LAWSON SEALE WRIGHT & DAVES, PLLC
1420 Neal St., Ste. 201
P.O. Box 655
Cookeville, TN 38503--065

Laura A. Williams
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Joe H. Thompson
132 W. Main St.
Gallatin, TN 37066

John Jolley
KUTAK ROCK LLP
1650 Farnam St.
Omaha, NE 68102

Michael R. Jennings
326 N. Cumberland St.
Lebanon, TN 37087

Robert L. Crawford
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

W. Timothy Harvey
HARVEY & SILVUS
310 Franklin Street
Clarksville, TN 37043

Jeffrey Wegner
KUTAK ROCK LLP
1650 Farnam St.
Omaha, NE 68102

T. Michael O'Mara
O'MARA & JOHNSON, PLLC
317 W. Spring St.
Cookeville, TN 38501

Mark C. Travis
WIMBERLY LAWSON SEALE WRIGHT & DAVES, PLLC
P.O. Box 655
1420 Neal St., Ste. 201
Cookeville, TN 38503--065

Harlan E. Judd
WYATT TARRANT & COMBS LLP
918 State St.
Bowling Green, KY 42101

David Haines
One Public Square
Clarksville, TN 37040

Leah May Dennen
355 N. Belvedere Drive
Gallatin, TN 37066

Honorable James Todd
US DISTRICT COURT